UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>    Plaintiff,<br><br>        v.<br><br>GEORGE JIRI STRNAD II, individually and also<br>    d/b/a Abstract United, PayStubDirect.com,<br>    PaycheckStubOnline.com, and<br>    iVerifyme.com,<br><br>    Defendant. | Case No. _____ |

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT**

Plaintiff the Federal Trade Commission ("Commission"), filed its Complaint for Permanent Injunction and Other Equitable Relief, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction and Other Equitable Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, **IT IS ORDERED** as follows:

**FINDINGS**

1.     This Court has jurisdiction over this matter.

2.     The Complaint charges that Defendant participated in unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with the Defendant's marketing and

1

sale of fake pay stubs, fake bank statements, fake tax forms, and a service for "verifying" fake employment information.

3. Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4. Defendant waives any claims that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear his own costs and attorney fees.

5. Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Defendant**" means George Jiri Strnad II individually and also d/b/a Abstract United, PayStubDirect.com, PaycheckStubOnline.com, and iVerifyme.com.

B. "**Fake Document**" means any document, in paper or electronic form, that misrepresents any person's identity, residency, finances, taxes, or employment, or otherwise misrepresents the document's source, provenance, authenticity, or accuracy.

## ORDER

### I. PROHIBITION AGAINST FAKE DOCUMENTS

**IT IS ORDERED** that Defendant is permanently restrained and enjoined from advertising, marketing, promoting, or offering for sale, or assisting in the advertising, marketing, promoting, or offering for sale any Fake Document or any service, template, or mechanism for

creating any Fake Document.

## II. PROHIBITION AGAINST PROVIDING THE MEANS AND INSTRUMENTALITIES TO DECEIVE CONSUMERS

**IT IS FURTHER ORDERED** that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from providing to others the means and instrumentalities with which to make, expressly or by implication, any statement or representation of material fact that misrepresents:

A.   any person's identity, residency, finances, taxes, or employment; or

B.   the source, provenance, authenticity, or accuracy of any document related to identity, residency, finances, taxes, or employment.

## III.   MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.   Judgment in the amount of One Hundred Thirty-Three Thousand Seven Hundred Seventy-Seven Dollars ($133,777) is entered in favor of the Commission against Defendant as equitable monetary relief.

B.   Defendant is ordered to pay to the Commission One Hundred Thirty-Three Thousand Seven Hundred Seventy-Seven Dollars ($133,777), which, as Defendant stipulates, his undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

## IV.   ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.     Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.     Defendant acknowledges that his Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.      All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.   If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it

determines to be reasonably related to Defendant's practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## V. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant obtains acknowledgments of receipt of this Order:

A. Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Defendant for any business that Defendant is the majority owner or controls directly or indirectly must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VI. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant make timely submissions to the

Commission:

A.      One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury.   Defendant must:

1.      identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

2.      identify all business activities, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest;

3.       describe in detail Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

4.      identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with the Defendant;

5.      identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

6.      describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales;

7.      describe in detail whether and how Defendant is in compliance with each Section of this Order; and

8.      provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.      For 20 years after entry of this Order, Defendant must submit a compliance notice, sworn

under penalty of perjury, within 14 days of any change in the following:

1.	name, including aliases or fictitious name, or residence address;

2.	title or role in any business activity, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which   Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity;

3.	any designated point of contact; or

4.	the structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.	 Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D.	Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:   "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed on:   _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.	Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:   Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue N.W., Washington,

DC 20580.  The subject line must begin:  FTC v. George Jiri Strnad II, FTC Matter No. 1723152.

## VII. RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years.  Specifically, Defendant for any business that Defendant is a majority owner or controls directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response; and

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## VIII. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant's compliance with this Order and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further

leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with Defendant.   Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Defendant who has agreed to such an interview.   The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice.   Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## IX. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED** this _____ day of _____, 2018.

_____
**UNITED STATES DISTRICT JUDGE**

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**

*[signature: Kathy White]*                                     Date: 9/12/18

Katherine White, Attorney-in-Charge
Virginia Bar Number 68779
S.D. Texas (pending *pro hac vice*)
Email: kwhite@ftc.gov
Elisa Jillson
DC Bar Number 989763
S.D. Texas (pending *pro hac vice*)
Email: ejillson@ftc.gov
James E. Elliott
Texas Bar Number 06557100
S.D. Texas #14
Email: jelliott@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission
600 Pennsylvania Ave N.W.
Washington, DC 20580

(202) 326-2878 (Ms. White)
(202) 326-3001 (Ms. Jillson)
(214) 979-9373 (Mr. Elliott)
(202) 326-3062 (Facsimile)

**FOR DEFENDANT:**

_____   Date: 20 July 2018
George Jiri Strnad II, individually, and also d/b/a
Abstract United, PayStubDirect.com,
PaycheckStubOnline.com, and iVerifyme.com

_____   Date: 7/20/18
Michael Brandwein
Andrew B. Gordon
Gordon Law Group, Ltd.
400 Central Ave, Suite 340
Northfield, IL 60093
Email: michaelb@gordonlawltd.com
(847) 496-0846 (Brandwein)
(847) 235-6095 (Gordon)

Attorneys for Defendant George Jiri Strnad II,
Individually, and also d/b/a Abstract United,
PayStubDirect.com, PaycheckStubOnline.com,
and iVerifyme.com